UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C.O. QUILLEN, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 20cv2192-MMA (DEB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IFP AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>**(2) OVERRULING OBJECTION TO PRIOR DISMISSAL; and**<br><br>**(3) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　On November 9, 2020, Plaintiff Michael Dewayne Allen, while incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging RJD Correctional Officer Quillen planted a knife in his property to subject him to unfounded disciplinary action. *See* Doc. No. 1. On November 17, 2020, the Court dismissed this action without prejudice because Plaintiff had neither paid the filing fee nor submitted a motion to proceed in forma pauperis ("IFP"). *See* Doc. No. 3. He has

1

now filed an IFP motion without the required certified copy of his inmate trust account statement.  *See* Doc. No. 4.  He has also filed an Objection to the November 17, 2020 Order of dismissal, objecting that dismissal was improper because there are currently delays at RJD to obtain the inmate trust account statements necessary to support an IFP motion.  *See* Doc. No. 6.

**I.      28 U.S.C. § 1915(g)'s "Three Strikes" Bar**

   A.      Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Plaintiff, however, "face an additional hurdle."  *Id.*  In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date."  *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that (they were) frivolous, malicious, or fail( ) to

state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotation marks omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when the court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (internal quotation marks omitted).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

The Court has reviewed Plaintiff's Complaint and finds it does not contain any "plausible allegation" which suggests he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055. Instead, Plaintiff claims that on July 21, 2017, a Correctional Officer planted a knife in his property in order to subject him to fabricated disciplinary charges. *See* Doc. No. 1 at 3. But § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *Cervantes*, 493 F.3d at 1053. Nor may it be based on "overly speculative," "fanciful," or "conclusory assertions." *Id.* at 1057 n.11.

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings available on PACER,[1] the Court finds that Plaintiff Michael Dewayne Allen, identified as CDCR Inmate #T-55834, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Allen v. Social Security Administration*, Civil Case No. 11cv04253 UAE (C.D. Cal. June 22, 2011) (Order Denying Filing of Complaint without prepayment of full filing fee finding Complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted) (Doc. No. 2) (strike one);

2) *Allen v. CSP – Los Angeles Count, et al.,* Civil Case No. 12cv08338 DMG E (C.D. Cal. Dec. 12, 2012) (Order Dismissing Complaint for failing to state a claim) (DOC. No. 7); (C.D. Cal. May 1, 2013) (Order Dismissing Action for failing to file amended pleading) (DOC. No. 12) (strike two);

3) *Allen v. Masemeno, et al.*, Civil Case No. 12cv09981-DMG-E (C.D. Cal. Nov. 26, 2013) (Order Dismissing First Amended Complaint for failing to state a claim) (DOC. No. 15) (Feb. 20, 2014) (Order Dismissing Action for failing to file amended pleading) (DOC. No. 19) (strike three)

Therefore, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

---

[1] The Court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 05cv0452–MMA (WMc), 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007), quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.").

Finally, Plaintiff's Objection to the prior Order of dismissal on the basis there are delays at RJD to obtain necessary documentation to support an IFP application is overruled as moot.

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 4) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3);

4) **OVERRULES** Plaintiff's Objection to the prior Order of dismissal (Doc. No. 6), and

5) **DIRECTS** the Clerk of Court to enter a final judgment and close the file.

**IT IS SO ORDERED**.

DATE: December 7, 2020

HON. MICHAEL M. ANELLO
United States District Judge